

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

### NO. 2-08-101-CR

---

ROY LYNN MERCER                                               APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Roy Lynn Mercer of aggravated assault with a deadly weapon, to wit: a club, and assessed his punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. Appellant brings five points on appeal, challenging the legal and factual sufficiency of the deadly weapon

---

[1] *See* Tex. R. App. P. 47.4.

proof and of the proof that he acted as a party rather than as a principal and complaining that the application paragraph in the jury charge allowed a non-unanimous verdict. Because the trial court did not err and the evidence is legally and factually sufficient to support the verdict, we affirm the trial court's judgment.

The complainant, Michael Staton, lived at the Economy Inn in Arlington, Texas. One evening, his former girlfriend, Jennifer Dupuy, and Appellant came to his suite to visit him. It was the first time that Staton had seen Dupuy in about three years. Staton told Appellant and Dupuy that he would receive an inheritance check soon. Staton also showed them some jewelry and baseball cards that he had collected.

A few days later, on May 14, 2007, at about 7:30 a.m., Appellant burst into Staton's suite and began hitting him with what Staton believed could have been a baseball bat. Out of the corner of his eye, Staton could see Dupuy watching from a few feet away. Staton began screaming, and then Dupuy began to scream. Staton grabbed a stun gun that was on his desk, but Appellant continued to hit him, and he dropped the stun gun. At some point, Staton believed that the object Appellant was hitting him with broke. When Staton felt the object he was being hit with break, Appellant and Dupuy ran

away. Staton called the front desk for help. The paramedics arrived and treated him on the scene before he was transported to the hospital.

Officer Amy Doyle spoke with Staton at the motel and saw that he had a large laceration on his head that was bleeding. She saw what she believed was the impression of a two-by-four on his back. She testified without objection that she was afraid that Staton might die from his injuries. There was no indication, however, that she had any medical training.

Staton was taken to the emergency room of Arlington Memorial Hospital, where he received further treatment, including twenty-eight staples to close the cut on his head. He was hospitalized for about three days.

In his first and second points, Appellant argues that the evidence is legally and factually insufficient to prove not that he committed the offense of aggravated assault but that another person committed that offense and that Appellant was a party rather than a principal. In his third point, Appellant argues that the trial court reversibly erred by providing an application paragraph in the court's charge that permitted the jury to render a non-unanimous verdict and convict Appellant either as a principal or as a party. Specifically, Appellant argues that, because the jury was charged disjunctively, they could convict if they found that he had acted either as a principal or as a party, although there is no evidence that he acted as a party. Consequently, he argues, we must

3

reverse his conviction. Appellant does not, however, provide any authority for this position, nor does he challenge his conviction as a principal.

The law is well established that "[w]hen a general verdict is returned and the evidence is sufficient to support a finding under any of the paragraphs submitted, the verdict will be applied to the paragraph finding support in the facts."[2] In the case now before this court, there is no evidence that Appellant acted as a party to the actual assault, but the evidence that he acted as a principal is unchallenged on appeal. Additionally, the evidence that he acted as a principal in the assault is overwhelming. We overrule Appellant's first, second, and third points.

In his fourth and fifth points, Appellant challenges the legal and factual sufficiency of the evidence supporting the deadly weapon finding. A deadly weapon is "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."[3] The evidence shows that Staton was hit over the head with what he believed was a baseball bat, that he bled profusely, and that he had a large laceration on his head, requiring twenty-eight staples. The only other person

---

[2] *Manrique v. State*, 994 S.W.2d 640, 642 (Tex. Crim. App. 1999).

[3] Tex. Penal Code Ann. § 1.07(a)(17) (Vernon 2003).

who testified besides Staton to the elements of the deadly weapon allegation was Officer Doyle. Although she was not qualified as an expert, she was allowed to testify without objection that after the attack, Staton was in shock; that she thought his injuries were very severe; and, in response to a leading question, that she believed his injuries were life-threatening. She also testified without objection that "when [she] first saw the injury and the amount of blood that was lost, there was a lot of blood at the crime scene, and [she] thought that he could possibly die from those injuries. [She thought] because of his large stature, though — ." Appellant objected to further testimony about stature and size. The jury was allowed to view photographs of Staton's injuries.

Not only was the club capable of causing serious bodily injury, it actually caused serious bodily injury, that is, "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."[4] Applying the appropriate standard of review,[5] we hold that the evidence is legally sufficient to support the deadly weapon finding. We overrule Appellant's fourth point.

---

[4] *Id.* § 1.07(a)(46).

[5] *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing standard of review for legal sufficiency).

The only evidence regarding whether the club was deadly is the uncontradicted testimony of Officer Doyle. There is no countervailing evidence that the club was not a deadly weapon. Nor are we in a position to judge the credibility or demeanor of this witness.[6] Her testimony was clear, unequivocal, and based on her experiences as a police officer. The jury obviously found her testimony credible and relied on it in determining their verdict. Applying the appropriate standard of review,[7] we hold that the evidence is factually sufficient to support the deadly weapon finding. We overrule Appellant's fifth point.

Having overruled Appellant's five points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 13, 2009

---

[6] *See Johnson v. State*, 23 S.W.3d 1, 8, 9 (Tex. Crim. App. 2000).

[7] *See Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 8, 9, 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).